UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WILLIAMS,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,
as trustee for Certificateholders of MASTR
Asset-Backed Securities Trust 2007-
NCW, Mortgage Pass-Through
Certificates Series 2007-NCW

    Defendant.
_____/

Case No. 15-cv-14045
Hon. Matthew F. Leitman

## ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT (ECF #3)

On October 6, 2015, Plaintiff Clarence Williams ("Williams") filed this action against Defendant Wells Fargo Bank, N.A., ("Wells Fargo") in the Wayne County Circuit for the State of Michigan. (*See* Complaint, ECF #1-2.) Williams challenges the foreclosure of his personal residence. (*See id.*) On November 17, 2015, Williams filed a default against Wells Fargo in the state court. (*See* Request for Default, ECF #3-5 at 2-4, Pg. ID 88-90.) Wells Fargo removed the state court action to this Court a day later, on November 18, 2015. (*See* Notice of Removal, ECF #1.) Wells Fargo now moves to set the default aside on the ground that Williams did not properly serve the Summons and Complaint before seeking entry

1

of the default (the "Motion"). (*See* ECF #3.) The Court agrees with Wells Fargo, grants the Motion, and sets aside the default.

Michigan law governs the propriety of pre-removal service of process. S*ee Cowen v. Am. Med. Sys., Inc.*, 411 F. Supp. 2d 717, 720 (E.D. Mich. 2006). Under the applicable Michigan court rule, MCR 2.105(E), in order to properly serve Wells Fargo, Williams was required to (1) serve a copy of the Summons and Complaint on an officer, director, trustee, agent, or other person in charge of a Wells Fargo office or business establishment and (2) send a copy of the summons and complaint by registered mail to Wells Fargo.

Williams did not comply with these requirements. Instead, Williams purported to serve the Summons and Complaint on Wells Fargo by sending it by registered mail to: "Wells Fargo Bank, C/O Timothy J. Sloan, 420 Montgomery, San Francisco, CA 94104." As this Court has previously held, a plaintiff does not serve Wells Fargo properly under Michigan law when the plaintiff merely sends a copy of a summons and complaint by certified mail to an officer of Wells Fargo. *See Burniac v. Wells Fargo Bank, N.A*., 2013 WL 6631582 (E.D. Mich. Dec. 17, 2013). That is precisely what Williams has done here. Thus, because Williams did not properly serve his Complaint upon Wells Fargo, the Court must set aside the default. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (setting aside default after defendant was improperly served).

Williams does not even attempt to argue that he properly served the Summons and Complaint under MCR 2.105(E).  Instead, he argues that his default was proper because Wells Fargo had actual notice of the Summons and Complaint but failed to take any action in state court.  In support of this argument, Williams relies on MCR 2.105(J)(3).  But that rule has nothing to do with whether a default should be set aside.  MCR 2.105(J)(3) addresses whether an action should be dismissed for improper service.  Williams has not cited any authority for the proposition that entry of a default is proper so long as the defendant had actual notice of the summons and complaint.

Finally, even if service had been proper, the Court would still set aside the default.  Williams would not suffer any prejudice from the setting aside of the default, and refusing to set it aside would prejudice Wells Fargo because it has several potentially meritorious legal defenses.  Moreover, there is no evidence of willful or culpable conduct by Wells Fargo.

Accordingly, **IT IS HEREBY ORDERED** that Wells Fargo's Motion (ECF #3) is **GRANTED** and the default entered against Wells Fargo is **SET ASIDE**. **IT IS FURTHER ORDERED** that Wells Fargo shall answer or otherwise respond to the Complaint by not later than January 20, 2016.

Dated:  December 22, 2015

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

3

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 22, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
