UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WILLIAMS,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,
as trustee for Certificateholders of MASTR
Asset-Backed Securities Trust 2007-
NCW, Mortgage Pass-Through
Certificates Series 2007-NCW

    Defendant.
_____/

Case No. 15-cv-14045
Hon. Matthew F. Leitman

## **ORDER OVERRULING OBJECTIONS TO REMOVAL (ECF #5)**

On November 18, 2015, Defendant Wells Fargo removed this civil action to this Court from the Wayne County Circuit Court for the State of Michigan. Plaintiff Clarence Williams thereafter filed a document entitled "Objection to Removal From State Court as Untimely and in Violation of MCR 2.603" (the "Objections"). (ECF #5.)  For the reasons stated below, the Court **OVERRULES** the Objections.

Williams first argues that the removal was untimely because it occurred more than thirty days after Wells Fargo was served with the Complaint. (ECF #5 at Pg ID 400.)  But the Court has already ruled that Williams did not properly serve Wells Fargo with the Complaint (Order Setting Aside Default, ECF #8 at 3, Pg. ID

500), and Williams' ineffective service of the Complaint did not commence the thirty-day time period for Wells Fargo to remove. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (defendant's time to remove begins upon service, "but not by mere receipt of the complaint unattended by any formal service."); *see also Iulianelli v. Lionel L.L.C.*, 183 F. Supp. 2d 962, 967 (E.D. Mich. 2002) ("[I]n *Murphy Brothers*, the Supreme Court held that the 30-day period of removal is triggered only by service of process, and not through the informal receipt of a copy of the complaint.").

Williams next argues that removal was improper because a default was pending against Wells Fargo in state court at the time of removal. (ECF #5 at Pg ID 400-01.)  But a defendant may remove an action even after entry of a default and before a state court sets aside a default. *See, e.g.*, *Munsey v. Testworth Laboratories,* 227 F.2d 902, 902 (6th Cir. 1955); *Montgomery v. Citimortgage, Inc.*, 2010 WL 2630440, at *2 (E.D. Mich. June 28, 2010) (setting aside default judgment entered in state court prior to the action's removal to federal court). Accordingly, the Court rejects Williams' objection to removal on the ground that a default had been entered (and not yet set aside by the state court) before removal.

**IT IS HEREBY ORDERED** that the Objections (ECF #5) are **OVERRULED**, and this action shall proceed in this Court.

                     s/Matthew F. Leitman
                     MATTHEW F. LEITMAN
                     UNITED STATES DISTRICT JUDGE

Dated: January 5, 2016

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 5, 2016, by electronic means and/or ordinary mail.

                     s/Holly A. Monda
                     Case Manager
                     (313) 234-5113