UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WILLIAMS,

    Plaintiff,                    Civil Action No. 15-14045
                                      Honorable Matthew F. Leitman
v.                                   Magistrate Judge Elizabeth A. Stafford

WELLS FARGO BANK, N.A.,
as Trustee for Certificateholders of
MASTR Asset-Backed Securities
Trust 2007-NCW, Mortgage Pass-
Through Certificates Series 2007-NCW,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANT'S MOTION TO DISMISS [R. 11]
<u>AND DISMISS THE COMPLAINT WITH PREJUDICE</u>**

**I.    INTRODUCTION**

Plaintiff Clarence Williams ("Williams") filed this action in state court against Wells Fargo Bank, N.A., as Trustee for Certificateholders of MASTR Asset-Backed Securities Trust 2007-NCW, Mortgage Pass-Through Certificates Series 2007-NCW ("Wells Fargo"), challenging the validity of a foreclosure sale of residential property located at 138 Sand Bar Lane, Detroit, Michigan (the "Property"). [R. 1-2]. Wells Fargo removed the action to this Court and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [R. 11], which is before the undersigned for

Report and Recommendation. Because Williams fails to state a plausible claim to relief, the Court **RECOMMENDS** that Wells Fargo's motion to dismiss [R. 11] be **GRANTED** and the complaint be **DISMISSED WITH PREJUDICE**.

## II. BACKGROUND

Williams acquired the Property in February 2007 and granted a mortgage on the Property ("Mortgage") to Mortgage Electronic Registration Systems, Inc., as nominee for his lender and his lender's successors and assigns. [*See* R. 1-2, PgID 25, 27]. Wells Fargo acquired the Mortgage by assignment. [*See id.*, PgID 27; R. 11-3; R. 11-4].

Williams subsequently defaulted on the underlying loan, and Wells Fargo commenced foreclosure-by-advertisement proceedings pursuant to a power-of-sale provision in the Mortgage. [*See* R. 1-2, PgID 27]. Notice of a foreclosure sale was published in the Detroit Legal News on September 16, September 23, September 30, and October 7, 2014, and was posted in a conspicuous place on the Property on September 18, 2014. [R. 11-3; R. 11-4]. The Property was sold to Wells Fargo, the high bidder, for $358,468.76 at a January 8, 2015 foreclosure sale. [R. 1-2, PgID 27]. At the time of the foreclosure sale, the balance due under the Mortgage was $979,835.37. [R. 11-3; R. 11-4]. The redemption period expired July 8,

2015, without Williams redeeming the Property. [R. 13, PgID 931].

Williams filed suit in state court on October 6, 2015, and Wells Fargo removed the case to this Court based on diversity jurisdiction.

## III. ANALYSIS

Williams alleges eight causes of action in the complaint: quiet title (Count I); breach of M.C.L. § 600.3208 (Count II); "breach of implied agreement/specific performance" (Count III); "innocent/negligent misrepresentation" (Count IV); promissory estoppel (Count V); unjust enrichment (Count VI); "unfair practice" (Count VII); and "injunction and other relief" (Count VIII). [R. 1-2]. Wells Fargo argues that each of these causes of action fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The Court agrees.

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," see Federal Rule of Civil Procedure 8(a)(2), the statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56). In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legal conclusions need not be accepted as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and

4

may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). A court may also consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### B. Quiet Title (Count I) and Breach of M.C.L. § 600.3208 (Count II)

In Count II, Williams alleges that Wells Fargo breached § 600.3208 by failing to post a notice of foreclosure in a conspicuous place on the Property within 15 days after the first publication of the notice in the newspaper.[1] In his claim to quiet title (Count I), Williams alleges that the title to the Property ended up in Wells Fargo's name as a result of the foreclosure sale that violated § 600.3208. Both claims fail, as Williams is attempting to set aside the foreclosure sale after expiration of the redemption period.

"[A]fter the statutory redemption period has expired, courts may examine a plaintiff's effort to set aside the foreclosure sale only where such

---

[1] In his brief, Williams also contends that Wells Fargo failed to comply with the notice requirements of M.C.L. §§ 600.3204(4) and 600.3205a(3). [R. 13, PgID 934]. However, subsection 4 of § 600.3204 was deleted by recent amendment, and § 600.3205a was repealed.

5

a plaintiff has made a clear showing of fraud, or irregularity that relates to the foreclosure procedure itself." *Elsheick v. Select Portfolio Servicing, Inc.*, 566 Fed. Appx. 492, 497 (6th Cir. 2013) (citations and internal quotation marks omitted). Any allegations of fraud must be pleaded with particularity and any alleged irregularity in the foreclosure procedure must suggest prejudice – that the plaintiff would be in a better position absent the irregularity. *Id.* Here, the six-month redemption period expired on July 8, 2015 without Williams redeeming the Property, and he has not pleaded with particularity any allegations of fraud or alleged any prejudicial irregularity related to the foreclosure process itself. Williams's conclusory allegation that he would have obtained legal assistance immediately had Wells Fargo posted notice on the Property is insufficient, as he fails to allege that he would have cured the default, and he failed to redeem the Property during the redemption period. Thus, no basis exists for the Court to entertain these claims or entertain setting aside the foreclosure sale.

    **C.    Breach of Implied Agreement/Specific Performance (Count III), Innocent/Negligent Misrepresentation (Count IV), and Promissory Estoppel (Count V)**

The statute of frauds bars Williams's breach of implied agreement/specific performance (Count III), innocent/negligent misrepresentation (Count IV), and promissory estoppel (Count V) claims.

6

The statute of frauds deems unenforceable a promise or commitment from a financial institution to modify performance of a loan, waive a provision of a loan, or make any other financial accommodation, unless it is in writing and signed by an authorized agent of that institution. M.C.L. § 566.132(2). "This statute 'plainly states that a party is precluded from bringing a claim – no matter its label – against a financial institution to enforce the terms of an oral promise.'" *Nadratowski v. Mortg. Elec. Reg. Sys.*, No. 14-14010, 2015 WL 519242, at *3 (E.D. Mich. Feb. 9, 2015) (quoting *Crown Tech Park v. D & N Bank, FSB*, 242 Mich. App. 538, 550 (Mich. Ct. App. 2000)).

Each of these three claims is premised on an alleged promise to either modify the loan or forego a remedy that the Mortgage provides: in Count III, Williams alleges that Wells Fargo assured him that it would not schedule a Sheriff's Sale during the loan modification process so that he would not lose possession of the Property; in Count IV, he claims Wells Fargo promised to modify the Loan; and in Count V he claims Wells Fargo promised that he would be considered for a loan modification. Williams does not allege the existence of a signed writing, and each of these promises falls within the purview of § 566.132(2). *See Williams v. Pledged Prop. II, LLC*, 508 Fed. Appx. 465, 469 (6th Cir. 2012) ("the Michigan Court of Appeals has clearly interpreted § 566.132(2) to include promises to

7

delay foreclosure sales, holding that an agreement to delay a foreclosure sale is an agreement to make a financial accommodation"). Thus, the statute of frauds bars these claims.

### D. Unjust Enrichment (Count VI)

In Count VI, Williams claims that Wells Fargo would be unjustly enriched if the foreclosure sale and Sheriff's Deed were allowed to stand. Williams's unjust enrichment claim is without merit because an express contract exists that is related to the disputed subject matter.

To succeed on an unjust enrichment claim under Michigan law, a plaintiff must establish that (1) the defendant received a benefit from him, and (2) it would be inequitable to him if the defendant retained the benefit. *Belle Isle Grill Corp. v. City of Detroit,* 256 Mich. App. 463, 478 (2003). If a plaintiff establishes both elements, "the law will imply a contract in order to prevent unjust enrichment." *Id.* "However, a contract will be implied only if there is no express contract covering the same subject matter." *Id.*

It is undisputed that the Mortgage is an express contract covering the subject matter at issue. The Mortgage governs the rights and responsibilities related to the underlying loan, and it includes a power of sale allowing Wells Fargo to foreclose if Williams defaults. Thus, Williams's unjust enrichment claim fails as a matter of law.

### E. Unfair Practice (Count VII)

In Count VII of the complaint, Williams alleges that Wells Fargo engaged in an "unfair practice" by, among other acts, "robo-signing" documents without confirming their accuracy. However, "there is no cause of action under Michigan law for a deceptive act or unfair practice." *Ott v. Fed. Home Loan Mortgage Corp.*, No. 11-15153, 2012 WL 2359989, at *3 (E.D. Mich. June 21, 2012) (citing *Salman v. U.S. Bank, NA*, No. 11–10253, 2011 WL 4945845, at *6 (E.D. Mich. Oct.18, 2011)). This claim fails as a matter of law.

### F. Injunction and Other Relief (Count VIII)

In his final claim, Williams seeks preliminary and permanent injunctions prohibiting Wells Fargo from evicting him from the Property. For such an injunction to be warranted, Williams has the burden of showing a likelihood of success on the merits. *O'Toole v. O'Connor*, 802 F.3d 783, 788 (6th Cir. 2015). Because all of the claims in the complaint lack merit, Williams is not entitled to an injunction.

### G. Federal Rule of Civil Procedure 56(d)

In response to Wells Fargo's motion to dismiss, Williams requests that the Court stay the motion pending discovery under Federal Rule of Civil Procedure 56(d). [R. 13, PgID 931]. In an attached affidavit,

Williams's counsel claims that "discovery is required to determine whether the Defendant violated MCLA 600.3208." [R. 13-1, PgID 943]. Williams's request for a stay lacks merit. "Rule 56(d) of the Federal Rules of Civil Procedure is inapplicable in the instant matter, as it applies only to discovery in opposition of a motion for summary judgment, whereas Defendant's current motion is a motion to dismiss." *Gagacki v. Green Tree Servicing, LLC*, No. 14-11378, 2015 WL 93476, at *6 (Jan. 7, 2015). Further, even accepting as true Williams's allegation that Wells Fargo violated M.C.L. § 600.3208, he fails to state a plausible claim to relief because he cannot show that the violation prejudiced him. *See supra*, section III., B. Thus, Williams is not entitled to a stay of the motion to dismiss pending discovery.

## IV. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Wells Fargo's motion to dismiss [R. 11] be **GRANTED** and that the complaint be **DISMISSED WITH PREJUDICE**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: April 27, 2016

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

11

**length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 27, 2016.

                                            s/Marlena Williams
                                            MARLENA WILLIAMS
                                            Case Manager