UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WILLIAMS,

    Plaintiff,

v.

WELLS FARGO BANK N.A., AS
TRUSTEE FOR CERTIFICATEHOLDERS
OF MASTR ASSET-BACKED
SECURITIES TRUST 2007-NCW,
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-NCW,

    Defendant.

_____/

Case No. 15-cv-14045
Hon. Matthew F. Leitman

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION (ECF #17), (2) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF #11), (3) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #16), AND (4) DISMISSING PLAINTIFF'S COMPLAINT (ECF #1-2) WITH PREJUDICE**

On October 6, 2015, Plaintiff Clarence Williams ("Williams") filed a complaint in the Wayne County Circuit Court alleging that Defendant Wells Fargo Bank, N.A., as trustee for Certificateholders of MASTR Asset-Backed Securities Trust 2007-NCW Mortgage Pass-Through Certificates Series 2007-NCW ("Wells Fargo"), unlawfully foreclosed on his property. (*See* Compl., ECF #1-2.) Wells Fargo removed the action to this Court on November 18, 2015. (*See* ECF #1.) On January 20, 2016, Wells Fargo filed a motion to dismiss Williams' Complaint (the

1

"Motion"). (*See* ECF #11.) On April 27, 2016, the assigned Magistrate Judge issued a Report and Recommendation recommending that the Court grant the Motion. (*See* ECF #16.) Williams filed timely objections to the R&R on May 11, 2016 (the "Objections"). (*See* ECF #17.) For the reasons provided below, the Objections are **OVERRULED**, the Motion is **GRANTED**, the R&R is **ADOPTED** by the Court, and the Complaint is **DISMISSED WITH PREJUDICE**.

## RELEVANT FACTUAL BACKGROUND

In February 2007, Williams purchased property located at 138 Sand Bar Lane in Detroit, Michigan (the "Property"). (*See* Compl., ECF #1-2 at 17, Pg. ID 25.) Williams later defaulted on his mortgage. At the time of his default, Wells Fargo held a mortgage on the Property (the "Mortgage"). In 2014, Wells Fargo commenced foreclosure-by-advertisement proceedings on the Property pursuant to a power-of-sale provision in the Mortgage. (*See id.* at 19, Pg. ID 27.)

On January 8, 2015, Wells Fargo held a foreclosure sale. (*See* Compl., ECF #1-2 at 19, Pg. ID 27.) It was the high bidder at the sale, and it purchased the Property for $358,468.76. (*See id.*) The statutory redemption period expired on July 8, 2015. (*See* ECF #13 at 11, Pg. ID 931.) Williams did not exercise his right of redemption, nor did he file a civil action challenging the foreclosure before the redemption period expired. (*See id.*)

On October 15, 2015, Williams commenced this action against Wells Fargo. He alleged that Wells Fargo wrongfully foreclosed on the Property. (*See generally* Compl., ECF #1-2.)  Williams made eight claims against Wells Fargo in the Complaint, only two of which are relevant to this Order (because Williams has not objected to the Magistrate Judge's recommendation that the Court dismiss the other six claims): (1) Count I – quiet title, and (2) Count II – breach of M.C.L. § 600.3208.  (*See* Objections, ECF #17 at 3, Pg. ID 1075.)  Both Count I and Count II are based on Williams' allegation that Wells Fargo did not provide him with adequate notice of the foreclosure sale.  More specifically, Williams alleged that Wells Fargo did not post notice of the foreclosure proceedings on the Property in the manner required by M.C.L. § 600.3208.  (*See* Compl. at ¶ 13, ECF #1-2 at 6, Pg. ID 14.)  Williams asserts that the Court should set aside the foreclosure due to the purportedly deficient notice.

In the R&R, the Magistrate Judge recommended that the Court dismiss Williams' claims for quiet title and for breach of M.C.L. § 600.3208.  She explained that Williams was not entitled to have the foreclosure sale set aside because (1) the redemption period expired before Williams filed his claims, and (2) Williams failed to sufficiently allege (a) fraud or irregularity in the foreclosure process, and (b) that he suffered cognizable prejudice. (*See* R&R at 6, ECF #16 at 6, Pg. ID 1066.)

Williams now objects to the R&R on two grounds. First, Williams argues that the Magistrate Judge did not consider his "request for a Stay of Defendant's Motion to Dismiss pending discovery under [Federal Rule of Civil Procedure 56(d)]" (the "Discovery Objection"). (Objections, ECF #17 at 4, Pg. ID 1076.) Second, Williams contends that he did sufficiently allege that he suffered prejudice as a result of Wells Fargo's purported failure to provide him with sufficient notice of the foreclosure (the "Prejudice Objection"). (*See id.* at 5, Pg. ID 1077.)

## GOVERNING LEGAL STANDARD

This Court reviews *de novo* the portions of the R&R to which a party has objected. See Fed. R. Civ. P. 72(b)(3).[1]

In the Motion, Wells Fargo seeks relief pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must

---

[1] At the conclusion of the R&R, the Magistrate Judge instructed the parties that they "may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof . . . . Failure to file specific objections constitutes a waiver of any further right of appeal." (R&R at 11, ECF #16 at 11, Pg. ID 1071.) A party's failure to object releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). In this action, Williams objected only to the Magistrate Judge's recommendation that the Court dismiss Counts I and II of the Complaint. (*See* Objections, ECF #17 at 4-5, Pg. ID 1076-77.) The Court has nevertheless reviewed the remaining portions of the R&R to which Williams did not object and agrees with the findings and conclusions of the Magistrate Judge.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556).  When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).  "Mere conclusions," however, "are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.  A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

## ANALYSIS

**A.     The Discovery Objection Is Overruled**

In the Discovery Objection, Williams claims that the Magistrate Judge "did not consider" his request to stay proceedings on the Motion in order to permit him to conduct discovery that he identified in an affidavit he submitted pursuant to

Rule 56(d) of the Federal Rules of Civil Procedure.  (*See* Objections, ECF #17 at 4, Pg. ID 1076.)  That objection is frivolous for two separate reasons.

First, in the R&R, the Magistrate Judge *directly* addressed – and *squarely* rejected – Williams' request for discovery under Rule 56(d).  (*See* R&R at 9-10, ECF #16 at 9-10, Pg. ID 1069-70.)

Second, the United States Court of Appeals for the Sixth Circuit instructed Williams' counsel in no uncertain terms – long before he filed the Objections – that he may not oppose a motion to dismiss on the basis that his client is entitled to discovery under Rule 56(d):

> Moreover, the use of Federal Rule of Civil Procedure 56(d) to challenge the district court's denial of his request for further discovery overlooks a fundamental and well settled principle: a plaintiff who fails to state a claim is not entitled to further discovery. *Mitchell v. McNeil,* 487 F.3d 374, 379 (6th Cir. 2007).  Rule 56 deals with summary judgment, not motions to dismiss.  Just as it is clear that verbatim recitations of district court filings are inadequate on appeal, counsel should already be equally cognizant of the need to refrain from filing obviously groundless claims.  *See, e.g.*, Fed. R. Civ. P. 11(b)(2) (requiring that claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"); Fed. R. App. P. 38 (providing for sanctions for frivolous appeals); Mich. R. Prof. Conduct 3.1 ("A lawyer shall not bring . . . a proceeding, or assert . . . an issue therein, unless there is a basis for doing so that is not frivolous.").  We hope no further prompting will be necessary.

*Hall v. U.S. Bank,* 626 Fed. App'x 114, 116-17 (6th Cir. 2015) (affirming dismissal of complaint by same attorney who represents Williams). As Williams' counsel should well know by now, the Magistrate Judge was plainly correct when she concluded that Rule 56(d) "'is inapplicable in the instant matter, as it applies only to discovery in opposition of a motion for summary judgment, whereas Defendant's current motion is a motion to dismiss.'" (R&R at 10, ECF #16 at 10, Pg. ID 1070 (quoting *Gagacki v. Green Tree Serv., LLC*, No. 14-11378, 2015 WL 93476, at *6 (E.D. Mich. Jan. 7, 2015).)

Accordingly, the Discovery Objection is overruled.

**B.     The Prejudice Objection Is Overruled**

In the Prejudice Objection, Williams insists that he sufficiently alleged prejudice from the supposedly-deficient notice of the foreclosure proceedings and that the Court may therefore set aside the foreclosure sale. (*See* Objections, ECF #17 at 5, Pg. ID 1077.) The Court disagrees and overrules the objection.

Under Michigan law, "after the statutory redemption period has expired, courts may examine a plaintiff's effort to set aside the foreclosure sale only where such a plaintiff has made 'a clear showing of fraud, or irregularity' that relates to 'the foreclosure proceeding itself.'" *Elsheick v. Select Portfolio Serv., Inc.*, 566 Fed. App'x 492, 497 (6th Cir. 2014) (quoting *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013)). A plaintiff suffers prejudice when

he "would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Conlin*, 714 F.3d at 361. Williams has failed to plead facts sufficient to meet this standard.

In the Complaint, Williams alleged that "as a direct result of Defendant's action [he was] prejudiced in that if [he] had known of the posting, [he] could have preserved his interest by obtaining legal assistance immediately." (Compl. at ¶ 22, ECF #1-2 at 8, Pg. ID 16.) The Magistrate Judge correctly determined that this "conclusory allegation that [Williams] would have obtained legal assistance immediately had Wells Fargo posted notice on the Property is insufficient, as he fails to allege that he would have cured the default, and he failed to redeem the Property during the redemption period." (R&R at 6, ECF #16 at 6, Pg. ID 1066.) Simply put, Williams failed to allege *how* obtaining legal assistance would have put him in "a better position to preserve his interest" in the Property. *Conlin*, 714 F.3d at 361. Williams did not allege, for instance, that he had a viable defense to the foreclosure proceedings that an attorney could have asserted on his behalf, nor did Williams allege that he could have cured his default with the assistance of legal counsel.

In the Prejudice Objection, Williams argues that "[i]f Defendant or its agents had posted a true copy of the [] notice of [the foreclosure sale] . . . [he] would have filed a Motion for a [temporary restraining order] to stop the Sheriff's Sale . . . ."

8

(Objections, ECF #17 at 5, Pg. ID 1077.)  But Williams did not identify any basis on which a court would have issued a temporary restraining order enjoining the foreclosure sale.

The Magistrate Judge correctly concluded that Williams failed to identify any cognizable prejudice that resulted from the allegedly-deficient notice. Accordingly, the Prejudice Objection is overruled.

## CONCLUSION

For the reasons provided above, **IT IS HEREBY ORDERED** that:

- The Objections (ECF #17) are **OVERRULED**;

- The Motion (ECF #11) is **GRANTED**; and

- The R&R (ECF #16) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Complaint (ECF #1-2) is **DISMISSED WITH PREJUDICE.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 29, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113